# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50240 | **DATE** | 1/15/2008 |
| **CASE TITLE** | Joseph Gunn a/k/a Savon Bell (#K-57163) vs. Dixon Correctional Center, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#53] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's trust fund account for payment to the clerk of court in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center, 2600 N. Brinton Av., Dixon, Illinois 61021. The complaint is dismissed on initial review as to the Dixon Correctional Center pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may proceed only against Drs. Finn and Fernando. The plaintiff's motion for appointment of counsel [#3] is granted. Jacqueline Montville, Attorney at Law / 515 Kendall Lane / DeKalb, Illinois 60115 / (815) 758-8396 is appointed as counsel for the plaintiff. The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on March 12, 2008 at 10:30 a.m.

*/s/ Philip G. Reinhard*

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two physicians at the Dixon Correctional Center, have violated the plaintiff's constitutional rights by denying him due process and by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has been forced to take certain medications against his will; he also contends that he has been denied needed chest surgery.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $7.83. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S.

**(CONTINUED)**

mjm

## STATEMENT

Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint states a colorable cause of action under 42 U.S.C. § 1983. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Furthermore, prison inmates are entitled to certain procedural due process requirements before being administered psychotropic drugs involuntarily. *See, e.g., Washington v. Harper*, 494 U.S. 210 (1990); Fuller v. Dillon, 236 F.3d 876, 881 (7th Cir. 2001). While a more fully developed record may establish that the plaintiff's constitutional rights have not been violated, defendants Finn and Fernando must respond to the allegations in the complaint.

However, the complaint is dismissed on initial review as to the Dixon Correctional Center pursuant to 28 U.S.C. § 1915(e)(2)(B). The prison itself is not a suable entity. *See, e.g., Walker v. Taylorville Correctional Center*, 129 F.3d 410, 412 (7th Cir. 1997).

The plaintiff's motion for appointment of counsel is granted. Jacqueline Montville, Attorney at Law / 515 Kendall Lane / DeKalb, Illinois 60115 / (815) 758-8396 is appointed as counsel for the plaintiff. Failure of the plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the defendants of the commencement of the action and to request waiver of service of summons. The notices shall be directed to each named defendant employed at the Dixon Correctional Center, c/o Warden Nedra Chandler, Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021. Notices to defendants not employed at Dixon Correctional Center shall be directed to each named defendant at the appropriate business address.

The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on March 12, 2008 at 10:30 a.m.

It is further ordered that, on the status/settlement date above, the plaintiff shall be prepared to orally present a more definite statement, setting forth in detail the factual bases of his cause of action and the personal involvement of each named defendant. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). All or part of the plaintiff's case may be subject to dismissal if it appears that certain counts or claims do not have a basis in law or in fact. The defendants need not respond to the pending complaint until further order of the court.

**(CONTINUED)**

**STATEMENT**

It is further ordered that, fourteen days prior to the status/settlement conference date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

    A)    The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

    B)    The defendants are ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

    C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall issue the appropriate notice of deposition to plaintiff's counsel.

Case 3:07-cv-50240    Document 6    Filed 01/15/2008    Page 3 of 3